López Vilanova, Juez Ponente
TEXTO COMPLETO DE LA SENTENCIA
Mediante Petición de Certiorari se recurre de una resolución que denegó una petición de relevo de sentencia en el caso de impugnación de confiscación instado por los peticionarios Examinado el escrito concedimos término al Procurador General para comparecer. Este ha comparecido mediante ilustrado y fundamentado escrito.
Por entender que el sobreseimiento de la causa criminal promovido por el Estado, en las circunstancias particulares de este caso, le impide la ejecución de los bienes confiscados, revocamos
I
Conforme su exposición, el día 23 de enero de 1993, los peticionarios fueron objeto de un allanamiento con orden en su negocio y su residencia. En esta última se ocuparon sustancias controladas (marihuana y cocaína) y los agentes procedieron a confiscar ciertos bienes Los cargos criminales presentados contra los peticionarios fueron desestimados a petición del ministerio público al amparo de lo dispuesto en la Regla 247 (a) de las Reglas de Procedimiento Criminal 
El 30 de junio de 1993, el peticionario presentó demanda de Impugnación de Confiscación en el Tribunal de Primera Instancia Alegó que fue notificado tardíamente de la confiscación, en violación *1317 al Artículo 4 de la Ley Uniforme de Confiscaciones (Ley Núm. 93 de 13 de julio de 1988, 34 L.P.R.A. sec. 1723(b)). El Secretario de Justicia, promovió el día 27 de julio de 1993 la desestimación de la demanda, la cual-fue acogida por el Tribunal. Se notificó la sentencia el día. 27 de septiembre de 1993. El 14 de octubre de 1993, esto es diecisiete (17) días después de notificada la sentencia, el peticionario presentó ante el Tribunal una Moción de Reconsideración. Por haberse presentado fuera del plazo de quince (15) días dispuesto por la Regla 47 de Procedimiento Civil, 32 L.P.R.A. Ap. 121R. 47, el Tribunal la declaró Sin lugar. El 4 de noviembre de 1993 presentó ante el Tribunal de Instancia una solicitud de relevo de sentencia al amparo de la Regla 49.2 de Procedimiento Civil. La misma fue declarada sin lugar mediante resolución de agosto, de 1995. De dicha Resolución se recurre ante nos.
II
Es un hecho no controvertido que el Estado, a través del fiscal que intervino en la fase criminal de este caso, solicitó el sobreseimiento y archivo de todos los cargos que pesaban contra los recurrentes. Estos alegan que ello obedeció a que demostraron que los hechos "fueron fabricados por ún agente corrupto". En su escrito,'el Procurador refuta dicho-fundamento: Sin embargo;.no explica por qué el Jefe de la División-fie Drogas-y-Narcóticos del Departamento de Justicia le ordenó al fiscal a cargo del caso que solicitara el archivo del mismo.
Por otra parte, el Procurador reconoce que siendo el Estado el promotor del sobreseimiento de la causa criminal y estando impedido de iniciar un nuevo proceso ello debe a su vez impedir la ejecución de los bienes. 
Estamos de acuerdo. Ello, a nuestro juicio es lo justo y lógico, consideradas las circunstancias particulares de este caso.
ra
En consideración a lo anterior se expide el auto solicitado y se revoca la Resolución dictada por el Tribunal de Primera Instancia.
Así lo pronunció y manda el Tribunal y lo certifica la Secretaria General.
María de la C. González Cruz
Secretaria General
ESCOLIOS 96 DTA 1
1. "Petición de Certiorari", pág. 2; Exhibit I, "Demanda".
2. Dicha Regla dispone en lo pertinente:

"(a) Por el Secretario de Justicia o fiscal. El Secretario de Justicia o el fiscal podrán, previa aprobación del tribunal, sobreseer una acusación con respecto a todos o algunos de los acusados, y el proceso contra dichos acusados quedará terminado, excepto según se dispone en el inciso (c) de esta regla, dicho sobreseimiento no podrá solicitarse durante el juicio, sin el consentimiento de dichos acusados. 34 L.P.R.A. Ap. II."

3. Exhibit I de la Petición de Certiorari, "Demanda".
4. Exhibit IV de la Petición de Certiorari.
5. Exhibit V de la Petición de Certiorari, "Notificación de Sentencia".
6. Exhihit VI de la Petición de Certiorari.
7. Exhibit VIII de la Petición de Certiorari.
*1318 8. El sobreseimiento decretado bajo lo dispuesto en la Regla 247 (a) de Procedimiento Criminal impedirá un nuevo proceso por los mismos hechos. (Véase Regla 247 (d) de Procedimiento Criminal, 34 L.P.R.A. Ap. II)
9. En su escrito, el Procurador general se cuestiona la aplicabilidad del caso Del Toro Lugo v. E.L.A., op. de 12 de septiembre de 1994, 94 J.T.S. 119, a la situación de autos. En dicho caso se consolidaron dos litigios. En el primero, se determinó que si la prueba presentada en una vista preliminar no era suficiente para lograr una determinación de causa probable, tampoco era suficiente para lograr una confiscación. En el segundo caso se determinó que la supresión final y firme de una prueba que conlleva la absolución del acusado no permite la confiscación del bien incautado por el Estado. En ambos casos el Tribunal Supremo concluyó que tanto la determinación de no causa en vista preliminar como la supresión de evidencia que conlleva la absolución del acusado constituyen impedimento colateral que gravitan a favor de la acción impugnadora de confiscación.
Obsérvese que los hechos específicos ante nos son distintos. Sin embargo, entendemos que la decisión a la cual hemos llegado, hace innecesario pronunciarnos sobre el alcance de la doctrina de impedimento colateral por sentencia. Baste señalar que debido a las circunstancias procesales del presente caso —esto es, el sobreseimiento y archivo de la causa criminal en circunstancias no explicadas— hace inaplicable la doctrina de impedimento colateral por sentencia. (Véase opiniones concurrente y disidente de los señores Jueces Asociados Rebollo López y Negrón García en Del Toro Lugo v. E.L.A., supra).